UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ALEXANDER, | Case No. 3:21-cv-1755 (BRM) (TJB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MARK CRANSTON, | |
| Defendant. | |

Before this Court is *pro se* prisoner Kevin Alexander's ("Plaintiff") Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 1, "Compl.".) Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed.

I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Mark Cranston, Brian Ferguson, Denine Bruzzo, and John Doe. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Against John Doe, Plaintiff alleges John Doe is a social worker/law librarian. (Compl. at 6.) Plaintiff submits since on or about November 13, 2020, he has continued to request countless

legal materials only to be told that the law library does not offer those materials, such as "American Corrections Association Guidelines." (*Id.* at 6-7.) Defendant has refused to make copies of a legal letter to Marcus Hicks. (*Id.* at 7.) Defendant has refused to provide Plaintiff with certain government addresses, media addresses, names and addresses of courts, and names and address of government officials. (*Id.*)

Plaintiff submits Defendant Bruzzo is the supervisor of social services. (*Id.* at 6.) On December 28, 2020, Defendant Bruzzo met with Plaintiff to "find out what were many of the legal concerns that [Plaintiff] had with the librarian." (*Id.*)

Plaintiff submits Defendant Cranston is the Warden of Middlesex County Jail and Plaintiff wrote him letters so Defendant Cranston "knew or should have known that the social service [department] was operating the law library." (*Id.* at 5.) Plaintiff submits Defendant Ferguson is the "Chief" of the Middlesex County Jail and Plaintiff "wrote to the Chief countless times addressing [his] concerns about the social service overseeing the responsibilities of the law library. (*Id.*) Plaintiff argues that all Defendants are denying him meaningful access to the courts. (*Id.* at 9.)

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged

deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

As discussed above, Plaintiff seeks to bring a claim of denial of access to the courts by arguing he is being denied access to certain materials requested from the law library. Specifically, Plaintiff alleges Defendant Doe has refused to make copies of a legal letter to Marcus Hicks and has refused to provide Plaintiff with certain government addresses, media addresses, names and addresses of courts, and names and address of government officials. (Compl. at 7.)

Prisoners have a right of access to the courts. *See Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). That right includes the right to adequate access to law libraries for the purposes of preparing and filing meaningful legal papers. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Mitchell v. Wydra*, 377 F. App'x 143, 145 (3d Cir. 2010) (citing *Bounds*). In order to establish that his right to access had been violated, Plaintiff must demonstrate that: "(1) he suffered an 'actual injury' (*i.e.*, that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy ... that can possibly compensate for the lost claim." *Schreane*, 482 F. App'x at 676 (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)). In addition, the claim of denial "must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe*, 536 F.3d at 205–206 (citing *Christopher v. Harbury*, 536 U.S. 403, 416–17 (2002)).

Plaintiff fails to allege an "actual injury." He has failed to allege with any specificity what "harm" he suffered. As a result, Plaintiff has not met the harm prong of this access-to-the-courts claim and it will be dismissed.[1]

---

[1] Additionally, Plaintiff's claims against Defendants Bruzzo, Cranston, and Ferguson are also

4

## IV. CONCLUSION

For the reasons stated above, the Complaint will be dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

Dated: June 11, 2021

                                                      */s/Brian R. Martinotti*
                                                     HON. BRIAN R. MARTINOTTI
                                                     UNITED STATES DISTRICT JUDGE

---

dismissed without prejudice because supervisors are generally not vicariously liable for their subordinates' acts. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability in a civil rights action cannot be based on respondeat superior alone, and defendants in such actions must be alleged to have had personal involvement in the wrongs complained of).